**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL AHUMADA,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>    Defendant. | Case No. CV 12-5365 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Daniel Ahumada ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") erred at step five in finding, based upon the Vocational Expert's ("VE") testimony, that Plaintiff can perform the positions of plastic hospital products assembler, hand packager, and dishwasher. (Joint Stip. at 3-16, 25); *see Dictionary of Occupational Titles* ("DOT") 712.687-010, 920.587-018, 318-687-010. Because these positions all require a reasoning level of 2 under the DOT, Plaintiff argues that they conflict with his

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

1  limitation to "non-detailed tasks requiring 1 to 2 part instructions."[2/] (Joint Stip. at
2  3-16, 25; *see* Administrative Record ("AR") at 17.) As discussed below, the Court
3  finds in favor of Plaintiff, albeit on different grounds.
4      The Ninth Circuit has yet to address the question of whether an occupation
5  with a reasoning level of 2 can involve non-detailed tasks requiring one- to two-part
6  instructions. At the same time, district courts within our circuit are divided on the
7  issue. *See Gonzales v. Astrue*, 2012 WL 2064947, at *5 (E.D. Cal. June 7, 2012)
8  (reviewing opinions).
9      For present purposes, however, the Court need not join this debate. Instead,
10 error is found here for two other reasons.
11     First, the Court recalls the applicable burden of proof at step five. There, the
12 Commissioner bears the burden to identify jobs that a claimant can perform despite
13 his identified limitations. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).
14 Without consensus as to whether a reasoning level of 2 is inconsistent with detailed
15 tasks or one- to two-part instructions, it is unclear whether the positions identified by
16 the ALJ are actually viable. In light of this ambiguity, the Court cannot conclude
17 that Defendant met its step five burden.[3/]
18     Second, the ALJ has "an affirmative responsibility to ask about any *possible*

---

[2/] Regarding his limitation to *non-detailed* tasks, Plaintiff asserts that a reasoning level of 2, by definition, requires an employee to "carry out *detailed* . . . instructions." DOT, Appendix C, 1991 WL 688702 (emphasis added). Similarly, with respect to his limitation to "1 to 2 part instructions," only a reasoning level of 1 calls for "simple one- or two-step instructions." *Id.* Presumably, a position with a reasoning level of 2 is more demanding, and thus exceeds Plaintiff's Residual Functional Capacity ("RFC").

[3/] Tellingly, some courts facing similarly unclear conflicts between a claimant's RFC and the DOT have ruled in favor of the Commissioner, at least in part, because the alleged error occurred at step four (*i.e.*, when Plaintiff bore the burden of proof). *See, e.g.*, *Leon v. Astrue*, 830 F. Supp. 2d 844, 850 (C.D. Cal. 2011), *Megliorino v. Astrue*, 2012 WL 2847705, at *10 (C.D. Cal. July 10, 2012).

1  conflict" between a VE's testimony and the DOT.  Social Security Ruling ("SSR")
2  00-4p, 2000 WL 1898704, at *4 (emphasis added).  As explained above, such a
3  conflict arguably exists here.  Despite this possibility, however, the ALJ failed to
4  obtain a reasonable explanation for such a conflict, and thus error must be found
5  under SSR 00-4p.  *See McGensy v. Astrue*, 2010 WL 1875810, at *4 (C.D. Cal. May
6  11, 2010).
7         Accordingly, for the reasons stated above, the Court determines that the ALJ
8  erred at step five.
9         C.     Remand is Warranted
10        With error established, this Court has discretion to remand or reverse and
11 award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no
12 useful purpose would be served by further proceedings, or where the record has been
13 fully developed, it is appropriate to exercise this discretion to direct an immediate
14 award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
15 But where there are outstanding issues that must be resolved before a determination
16 can be made, or it is not clear from the record that the ALJ would be required to find
17 plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
18 *See id.* at 594.
19        Here, in light of the error described above, the ALJ shall reevaluate the
20 testimony of the VE, and obtain a reasonable explanation for any conflict between
21 that testimony and the DOT, specifically with respect to any positions identified at
22 step five by the VE.
23 \ \ \
24 \ \ \
25 \ \ \
26 \ \ \
27 \ \ \
28

      Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: April 30, 2013

_____

                Hon. Jay C. Gandhi

                United States Magistrate Judge